■ GREGORY L. MAGNESS, Respondent, v ESM II, INC., et al., Appellants. [594 NYS2d 504] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and cross motion granted in accordance with the following Memorandum: Supreme Court erred by granting summary judgment finding that the 1985 employment agreement between plaintiff and ESM, Inc. expired on February 14, 1992. A factual issue exists whether the "addendum" dated February 14, 1989 is an addendum to that 1985 employment agreement or to some other agreement. The February 1989 addendum states that it is an integral part of an employment agreement between plaintiff and ESM II, Inc., a successor to ESM, Inc. Although identified as Exhibit "A", that addendum is not annexed to any document. The only employment agreement submitted by the parties is the 1985 agreement with ESM, Inc. Under the circumstances, the addendum is ambiguous in its reference to "employment agreement", and the evidentiary materials submitted by the parties raise factual issues concerning the intent of the parties and whether the 1985 agreement is the employment agreement referred to in that addendum.

The parties agreed that the 1985 agreement was to be

interpreted in accordance with Pennsylvania law. We conclude that, based upon Pennsylvania law, factual issues also exist whether the temporal and geographic scope of the non-compete provisions of the restrictive covenant contained in the 1985 agreement were reasonably related to, and necessary for protection of, the legitimate business interests of the employer *(see, Sidco Paper Co. v Aaron,* 465 Pa 586, 351 A2d 250; *Bettinger v Berke Assocs.,* 455 Pa 100, 314 A2d 296). Mindful that Pennsylvania courts may replace an unreasonable restriction with one reasonably related to the employer's interests, we cannot conclude that either the temporal or geographic scope of the instant non-compete provision is unreasonable as a matter of law *(see, Sidco Paper Co. v Aaron, supra; Bell Fuel Corp. v Cattolico,* 375 Pa Super 238, 544 A2d 450, 456-457, *appeal denied* 520 Pa 612, 554 A2d 505).

The 1985 agreement restricted plaintiff from owning, or accepting employment in any capacity with, a business similar to that of ESM, Inc. for a period of three years from termination of employment. Although the agreement contains no geographic limitation, the record reveals that defendants are engaged in a narrow industry with a limited number of competitors. In our view, defendants have demonstrated a reasonable likelihood of success on their contention that the restrictive covenant is reasonable. Thus, we deny plaintiff's motion for summary judgment on the second cause of action. We grant defendants' cross motion for a preliminary injunction regarding the non-compete provision of the 1985 agreement. The non-compete provision includes an acknowledgement by plaintiff that the nature of ESM, Inc.'s business reasonably requires protection that is national in scope. Thus, we limit the scope of the preliminary injunction to those businesses within the United States that compete directly with defendants' business enterprise. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.